UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **LAURA LAMBERT and**<br>**CHRISTOPHER LAMBERT, her husband** | |
| Plaintiffs, | Civil Action No.: |
| v. | |
| **MELIA HOTELS INTERNATIONAL S.A.**<br>**and THE SOL GROUP, CORP** | **COMPLAINT AND JURY**<br>**DEMAND** |
| Defendants. | |

Plaintiffs, Laura Lambert and Christopher Lambert, her husband ("Plaintiffs"), by way of Complaint against the above-named Defendants, say as follows:

## INTRODUCTION

1. This cause of action in tort seeks damages for personal injuries sustained by Plaintiff Laura Lambert on January 31, 2020 at the Melia Nassau Beach Resort.

## THE PARTIES

2. Plaintiffs are citizens of the Commonwealth of Pennsylvania residing, at all times material hereto, at 3010 Highwoods Drive, Aston, Pennsylvania.

3. Defendant, MELIA HOTELS INTERNATIONAL, S.A. ("Melia International"), is a multinational hotelier corporation organized and existing under the laws of the Country of Spain, with its principal place of business and/or headquarters in Palma de Mallorca, Spain.

4. Defendant THE SOL GROUP, CORP ("Sol Group"), is a corporation organized under the laws of the State of Delaware, with its principal place of business and/or headquarters located at 800 Brickell Avenue, Suite 1000, Miami, Florida.

5. At all times hereinafter mentioned, Defendants, Melia International and/or Sol Group, collectively and/or individually were the owners, operators, lessors/lessees of and/or were doing business as Melia Nassau Beach Resort – a resort hotel in Nassau, The Bahamas.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 as there is complete diversity of citizenship between Plaintiffs and Defendants and the amount in controversy in this action exceeds the sum of $75,000 exclusive of interest and costs.

7. At all times hereinafter mentioned, Defendants regularly transacted and/or conducted business within the State of Florida including doing business with their American subsidiary, Melia Hotels USA, LLC, whose corporate address is 800 Reickall Avenue, Miami, Florida and the Melia Orlando Celebration Resort in Celebration, Florida.

8. Venue is proper in this District under 28 U.S.C. §1391, because of Defendants' persistent business contacts within this District and the fact that Defendant The SOL Group, Corp maintains its principal place of business in Miami, Florida.

## COUNT ONE
### (Negligence)
**Plaintiff Laura Lambert v. Melia Hotels International, S.A. and The Sol Group, Corp**

9. Plaintiff Laura Lambert repeats and incorporates by reference the allegations set forth in the foregoing paragraphs of this Complaint as if they were set forth in full herein.

10. At all times material hereto, Defendants were in the business of designing, developing and operating luxury resorts throughout the world including in Nassau, Bahamas and Orlando, Florida.

11. On January 31, 2020, Plaintiffs were guests at the Melia Nassau Beach Resort Hotel.

12. On January 31, 2020, Plaintiff Laura Lambert was lawfully on the premises known as Melia Nassau Beach, an all-inclusive resort located at 4914 West Bay Street, Nassau, Bahamas, as a business invitee.

13. As Plaintiff Laura Lambert was descending the staircase leading to the Aqua Restaurant in Defendants' Nassau Beach Hotel, she slipped and fell down the stairs.

14. At all times relevant hereto, the foregoing premises were owned, leased, operated, controlled, occupied, constructed, designed, repaired and/or maintained by one or more of the Defendants, Melia Hotels International, S.A. and/or The Sol Group, Corp or one of their subsidiaries.

15. At the time and place aforesaid, the Defendants, Melia Hotels International, S.A. and The Sol Group, Corp, and/or their agents, servants, employees and/or subsidiaries, individually, in concert, or collectively owned, operated, cleaned, and/or maintained the foregoing premises.

16. The Defendants Melia Hotels International, S.A. and/or The Sol Group, Corp, and/or their agents, servants, employees or one of their subsidiaries were negligent in their operation, inspection, control, maintenance and/or cleaning of the subject premises and/or in their failure to properly manage and supervise their employees, agents, servants, subsidiaries, contractors, tenants, lessees, invitees and/or guests as a result of which the Plaintiff Laura Lambert was caused to slip on slippery steps and fall and sustain severe injuries.

17. Defendants owed Plaintiff Laura Lambert the duty to provide a reasonably safe way of passage through the premises/property, in such a manner to reasonably avoid the foreseeable danger of patrons, such as the Plaintiff, from slipping or falling on defects and dangerous conditions on the steps in their resort.

18.     Defendants breached their duty to the Plaintiff Laura Lambert in each of the following ways:

    a.    failing to finish the foregoing stairway in such a way as it would not be slippery;

    b.    using a cleaning product or waxing product that left the steps in the foregoing stairway slippery to the point that they were unsafe;

    c.    failing to use protective mats or other devices to prevent guests from slipping and falling on the foregoing steps;

    d.    by allowing a hidden and concealed dangerous condition to exist at their resort;

    e.    failing to properly direct and supervise their employees to insure that appropriate measures were being taken and appropriate warnings were provided to prevent their guests from slipping and falling; and

    f.    in such other ways as may be established from fact not exclusively in the possession of Defendants which may be ascertained after the filing of this Complaint.

19.     As a direct and proximate result of the negligence and carelessness of the Defendants Melia Hotels International, S.A. and/or The Sol Group, Corp, Plaintiff was caused to unexpectedly slip and fall on slippery steps in their resort hotel.

20.     As a direct and proximate result of the negligence and carelessness of the Defendants Melia Hotels International, S.A. and/or The Sol Group, Corp, jointly and severally, the Plaintiff Laura Lambert was caused to suffer serious bodily injury including but not limited to a comminuted and impacted humeral neck fracture in her right arm; torn rotator cuff and numerous bruises and contusions and has suffered and will continue to suffer great pain and anguish and emotional distress.

21.     As a result of the foregoing negligence on the part of the Defendants and the injuries sustained by Plaintiff Laura Lambert on January 31, 2020, Plaintiff Laura Lambert was required to undergo and will in the future be required to undergo medical attention including rehabilitation for her injuries.

22. As a result of the foregoing negligence on the part of the Defendants, Plaintiff Laura Lambert has suffered and may in the future suffer lost wages and loss of earning power and other economic losses, has suffered and will in the future suffer a loss of enjoyment of life; has expended and may in the future be required to expend money for medical treatment and will have to live with this daily reminder for the rest of her life.

## COUNT TWO
### Christopher Lambert v. Melia Hotels International, S.A. and The Sol Group, Corp

23. Plaintiff Christopher Lambert repeats and incorporates by reference the allegations set forth in the foregoing paragraphs of this Complaint as if they were set forth in full herein.

24. At all relevant times, Plaintiff Christopher Lambert was and still is the lawful husband of Plaintiff Laura Lambert.

25. As a direct and proximate result of the Defendants' negligence and carelessness and the injuries suffered by his wife, Laura Lambert, Christopher Lambert has been and will be deprived of the services, society and consortium of his wife, all to his damage.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendants individually, jointly and severally in an amount in excess of $75,000 plus taxable costs, disbursements, interest and such other and further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all of the issues contained herein.

Dated: March 27, 2020　　　　　　　　　　　COZEN O'CONNOR

　　　　　　　　　　　　　　　　　　　　　By: */s/Joshua R. Goodman*
　　　　　　　　　　　　　　　　　　　　　　　Josh R. Goodman, Esquire
　　　　　　　　　　　　　　　　　　　　　　　200 S. Biscayne Boulevard
　　　　　　　　　　　　　　　　　　　　　　　Miami, FL  33131
　　　　　　　　　　　　　　　　　　　　　　　(305) 704-5946
　　　　　　　　　　　　　　　　　　　　　　　jgoodman@cozen.com

Of Counsel:

Christopher C. Fallon, Jr., Esquire
Cozen O'Connor
200 Four Falls Corporate Center
Suite 400
West Conshohocken, PA  19428
(215) 665-2036
cfallon@cozen.com