UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-21343-Civ-COOKE/GOODMAN

LAURA LAMBERT, and
CHRISTOPHER LAMBERT,

    Plaintiffs,

vs.

MELIA HOTELS INTERNATIONAL S.A.,
and THE SOL GROUP CORPORATION,

    Defendants.

_____/

**OMNIBUS ORDER GRANTING DEFENDANTS MELIA HOTELS INTERNATIONAL S.A.'S AND THE SOL GROUP CORPORATION'S MOTIONS TO DISMISS FOR FORUM *NON CONVENIENS***

**THIS MATTER** is before the Court upon Defendant The Sol Group Corporation's Motion to Dismiss Pursuant to the Forum *Non Conveniens* Doctrine (ECF No. 10) and Defendant Melia Hotels International S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction[1] and Forum *Non Conveniens* (ECF No. 19) (collectively referred to herein as the "Motions"). Plaintiffs Laura Lambert and Christopher Lambert ("Plaintiffs") filed their oppositions to the Motions on June 5, 2020 and November 16, 2020 respectively. ECF No. 14. Thereafter, Defendants filed their reply briefs in support of the Motions on June 12, 2020 and November 30, 2020. ECF Nos. 15 and 23. Plaintiff filed a Court-authorized surreply to Defendant Melia Hotels International S.A.'s reply in support of its Motion to Dismiss on December 18, 2020. ECF No. 26. Not to be outdone, Defendant Melia Hotels International

---

[1] The Court in its discretion declines to reach the merits of Defendant Melia Hotels International S.A.'s arguments regarding personal jurisdiction. *See Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 432 (2007) ("A district court . . . may dispose of an action by a forum non conveniens dismissal, bypassing questions of subject-matter and personal jurisdiction, when considerations of convenience, fairness, and judicial economy so warrant."); *see, e.g., Mitev v. Resort Sports Ltd.,* 133 F. Supp. 3d 1365, 1369 (S.D. Fla. 2015) (recognizing that district courts have "the discretion to decide threshold issues, such as forum *non conveniens* and personal jurisdiction, before reaching the issue of subject matter jurisdiction").

S.A. filed a Court-authorized sur-surreply in support of its Motion on December 30, 2020. ECF No. 29. Thus, the Motions are both fully briefed and ripe for adjudication. For purposes of efficiency and judicial economy, the Court shall resolve both Motions through this Omnibus Order.

## BACKGROUND

This is a simple "slip and fall" case with the slight nuance being that the alleged fall occurred in The Bahamas. More specifically, Plaintiffs allege that on January 31, 2020, Plaintiff Laura Lambert was lawfully on the premises known as Melia Nassau Beach, an all-inclusive resort (the "Resort") located at 4914 West Bay Street, Nassau, Bahamas, as a business invitee. ECF No. 1, Compl. ¶ 12. As Plaintiff Laura Lambert was descending the staircase leading to the Aqua Restaurant at the Resort she slipped and fell down the stairs. *Id.* ¶ 13. Based upon these allegations, the Complaint asserts two counts against both Defendants Melia Hotels International, S.A. (hereinafter "Melia Hotels" or " Defendant Melia Hotels International S.A.") and The Sol Group Corporation (hereinafter "Defendant Sol Group"). Plaintiff Laura Lambert alleges a claim for negligence and Plaintiff Christopher Lambert alleges a derivative loss of consortium claim. *Id.* ¶¶ 9-25.

In their Motions, Defendants seek dismissal of this action under the theory that Plaintiffs should litigate this case in The Bahamas – the location of the alleged fall.

## LEGAL STANDARD

"Under the doctrine of forum non conveniens, a district court may decline to exercise its jurisdiction when a foreign forum is better suited to adjudicate the dispute." *Fresh Results, LLC v. ASF Holland, B.V.*, 921 F.3d 1043, 1048–49 (11th Cir. 2019) (citing *Kolawole v. Sellers*, 863 F.3d 1361, 1369 (11th Cir. 2017). "The 'central purpose' of forum non conveniens is 'to ensure that the trial is convenient.'" *Id.* (citation and internal quotation marks omitted). The Eleventh Circuit has cautioned, however, that "[t]he doctrine should not be invoked 'lightly . . . because it effectively deprives the plaintiff of his favored forum[.]'" *Id.* (citing *Sellers*, 863 F.3d at 1369). As such, "a defendant bears the burden of justifying dismissal based on forum non conveniens." *Id.* (citing *La Seguridad v. Transytur Line*, 707 F.2d 1304, 1309 (11th Cir. 1983)). To satisfy this burden, the defendant must establish that: "(1) an adequate alternative forum is available, (2) the public and private factors weigh in favor of dismissal, and (3) the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or

prejudice." *Id.* (citing *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1330 (11th Cir. 2011) (quoting *Leon v. Millon Air, Inc.*, 251 F.3d 1305, 1310–11 (11th Cir. 2001)).

"When ruling on a motion to dismiss for forum non conveniens, a court may 'consider matters outside the pleadings if presented in proper form by the parties.'" *Turner v. Costa Crociere S.P.A.*, 1:20-CV-21481-KMM, 2020 WL 5868148, at *2 (S.D. Fla. Sept. 10, 2020) (citing *MGC Commc'ns, Inc. v. BellSouth Telecomm., Inc.*, 146 F. Supp. 2d 1344, 1349 (S.D. Fla. 2001). Furthermore, "a court must accept the facts in the plaintiff's complaint as true, 'to the extent they are uncontroverted by the defendants' affidavits.'" *Id.* (citing *S & Davis Int'l, Inc. v. Republic of Yemen*, 218 F.3d 1292, 1303 (11th Cir. 2000) (citation omitted)). "When affidavits conflict, the court is inclined to give greater weight to the plaintiff's version of the . . . facts and to construe such facts in the light most favorable to the plaintiff." *Id.* (citing *Home Ins. Co. v. Thomas Indus., Inc.*, 896 F.2d 1352, 1355 (11th Cir. 1990) (citation omitted)).

## I.   The Bahamas Is an Adequate and Available Forum

The first factor the Court must consider in its forum non convienens analysis is whether The Bahamas is an adequate and available forum. These are two separate inquiries. *See St. Aubin v. Island Hotel Co. Ltd.*, 1:16-CV-22023, 2017 WL 998298, at *3 (S.D. Fla. Mar. 15, 2017) ("The Eleventh Circuit has held that this factor involves two inquiries because '[a]vailability and adequacy warrant separate consideration.'") (quoting *Tazoe*, 631 F.3d at 1330 (internal citations omitted)).

### A.  The Bahamas Is An Available Forum

"An alternative forum is 'available' to the plaintiff when the foreign court can assert jurisdiction over the litigation sought to be transferred." *Tazoe*, 631 F.3d at 1330. "'Ordinarily, [the requirement of an available forum] will be satisfied when the defendant is 'amenable to process' in the other jurisdiction." *Id.* (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 at n.22 (1981) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 506-07 (1947)).

Here, Plaintiffs contend that the Court must defer to their choice of forum because they are U.S. citizens and Defendants are not Bahamian corporations. *See* ECF No. 14, at 4 and ECF No. 20, at 11. Plaintiffs concede that "[t]he availability of compulsory process may weigh against Plaintiffs' choice" but argue that "there are few if any witnesses who would be outside of the parties' control. Additionally, with Plaintiffs' choice of forum, Plaintiffs need not worry about an unenforceable judgment in a foreign forum." *Id.* Meanwhile, both

Defendants have stipulated that as a condition of dismissal they would: a) appear in any such Bahamian Court of law; b) receive service of process from a Bahamian court by personal service and/or registered mail; c) waive any and all defenses pertaining to any applicable statutes of limitation, jurisdiction, and venue that they may have in a Bahamian court; d) make relevant witnesses and documents in their control available to a Bahamian Court; and e) respect any final judgment entered against them by a Bahamian Court. ECF Nos. 10-1 at ¶ 15 and 19-1 at ¶ 25.

The Court finds Defendants' above stipulations ensure the availability of The Bahamas as an alternative forum. *See Tazoe*, 631 F.3d at 1330 ("The manufacturers have stipulated that they will make themselves amenable to process in Brazil as a condition of dismissal. Specifically, the manufacturers have stipulated that they will consent to service of process in Brazil; toll any applicable Brazilian statutes of limitation; make relevant witnesses and documents available to a Brazilian civil court; and respect the final judgment of a Brazilian court. These stipulations ensure the availability of Brazil as an alternative forum.").

### B. The Bahamas Is An Adequate Alternative Forum

The next inquiry is the adequacy of The Bahamas as an alternative forum. "An alternative forum is inadequate 'if the remedy provided by th[at] alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all.'" *Id.* at 1330-31 (quoting *Piper Aircraft*, 454 U.S. at 254). Plaintiffs contend that The Bahamas is not an adequate alternative forum. More specifically, Plaintiffs argue:

> The Bahamas is not an available and adequate forum for Plaintiffs' action because Plaintiffs cannot reinstitute suit without undue inconvenience and prejudice. Defendant's own expert explained how Bahamian courts expect plaintiffs to post a bond as security for the defendant's costs of the proceedings. (D.E. 10-2, ¶ 18). This requirement would place undue inconvenience and expense upon the Plaintiffs and effectively leave them without a remedy. Additionally, Plaintiffs would likely be unable to find counsel in the Bahamas to handle this case on a contingency fee basis . . . Even if Plaintiffs could post a bond as security and find counsel on a contingency fee basis, doing so adds unnecessary costs to the Plaintiffs. This would cause unnecessary prejudice in a case where both Plaintiffs and [Defendants] are U.S. parties with access to U.S. courts.

ECF No. 20 at 16. Plaintiffs' arguments are unavailing. The Bahamian legal system: (1) is similar to the English system; (2) allows access to evidence, witnesses, and relevant sites; (3) permits actions based on negligence and damages in personal injury

cases; and (4) supports enforcement of judgments. *St. Aubin*, 2017 WL 998298, at *3 (citing *Morse v. Sun Int'l Hotels Ltd.*, 2001 WL 34874967, at *2 (S.D. Fla. 2001) (finding that the Bahamas is an adequate alternative forum for plaintiff suing for personal injuries sustained at the Atlantis). Moreover, "[t]he mere fact that the alternative forum does not provide for contingent fee agreements, operates under different procedures, is less substantively generous, or lacks jury trials, does not render that forum inadequate." *Cleveland v. Kerzner Int'l Resorts, Inc.*, 1:14-CV-23897, 2015 WL 5695276, at *5 (S.D. Fla. Sept. 29, 2015) (citing *Sun Trust Bank v. Sun Int'l Hotels, Ltd.*, 184 F. Supp. 2d 1246, 1263 (S.D. Fla. 2001) aff'd, 657 F. App'x 924 (11th Cir. 2016). Further, Plaintiffs' "generic averments of financial hardship and inconvenience are insufficient to specifically show that litigating in The Bahamas will be so gravely difficult and inconvenient that [they] will, for all practical purposes, be deprived of [their] day in court." *See Sabino v. Kerzner Int'l Bahamas Ltd.*, No. 12-22715-CIV, 2014 WL 7474763, at *6 (S.D. Fla. Jan. 10, 2014). Accordingly, the Court finds The Bahamas is an adequate alternative forum.

## II.     The Private Interest Factors Balance In Favor of Dismissal

"With respect to the private interests, courts begin with the presumption that a domestic plaintiff has chosen a sufficiently convenient forum, and it is therefore incumbent upon the defendant "to prove vexation and oppressiveness that are out of all proportion to the plaintiff's convenience." *Otto Candies, LLC v. Citigroup, Inc.*, 963 F.3d 1331, 1338-39 (11th Cir. 2020) (citing *Leon v. Millon Air, Inc.*, 251 F.3d 1305, 1314 (11th Cir. 2001) (internal quotation marks and citation omitted)). A defendant seeking to invoke forum *non conveniens* with respect to domestic plaintiffs therefore "'bears a heavy burden in opposing the plaintiff's chosen forum.'" *Id.* at 1339 (quoting *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007)). "The defendant must offer 'positive evidence of unusually extreme circumstances,' and the district court must be 'thoroughly convinced that material injustice is manifest before exercising any such discretion as may exist to deny a United States citizen access to the courts of this country.'" *Id.* (quoting *SME Racks, Inc. v. Sistemas Mecanicos Para Electronica*, 382 F.3d 1097, 1101 (11th Cir. 2004) (quoting *Burt v. Isthmus Dev. Co.*, 218 F.2d 353, 357 (5th Cir. 1955)). The Eleventh Circuit, however, has recognized that it has "not set out strict rules on what constitutes 'unusually extreme circumstances,' and it probably does

not make sense to do so. That is because the quantum and quality of evidence needed will depend on the unique facts and circumstances of the given case." *Id.* at 1348 (citation omitted).

"This Court has identified several private factors to evaluate as part of the forum non conveniens analysis: (1) the relative ease of access to sources of proof, (2) the ability to obtain witnesses via compulsory processes, (3) the possibility to view the premises, and (4) all other practical problems that make the trial of a case easy, expeditious, and inexpensive . . . Furthermore, the residency of material and/or key witnesses and the location of documentation evidence should also be considered." *St. Aubin*, 2017 WL 998298, at *3–4 (citing *Klyszcz v. Cloward H20 LLC*, 2012 WL 4468345, at *4 (S.D. Fla. 2012) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1946)). These factors are not exhaustive, and the Court must be flexible in applying them. *Fontaine v. Signature Research, Inc.*, 1:14-CV-24028, 2016 WL 880527, at *3 (S.D. Fla. Mar. 8, 2016) (citing *Wilson v. Island Seas Invs., Ltd.*, 590 F.3d 1264, 1270 (11th Cir. 2009) (citations omitted).

### 1. Relative Ease of Access to Sources of Proof

The Eleventh Circuit has recognized that "[p]erhaps the most important 'private interest' of the litigants is access to evidence . . . A correct 'private interest' analysis begins with the elements of the plaintiff's causes of action. The court must then consider the necessary evidence required to prove and disprove each element. Lastly, the court should make a reasoned assessment as to the likely location of such proof." *Ford v. Brown*, 319 F.3d 1302, 1308 (11th Cir. 2003) (citing *Van Cauwenberghe v. Biard*, 486 U.S. 517, 528 (1988) ("To examine 'the relative ease of access to sources of proof,' and the availability of witnesses, the district court must scrutinize the substance of the dispute between the parties to evaluate what proof is required, and determine whether the pieces of evidence cited by the parties are critical, or even relevant, to the plaintiff's causes of action and to any potential defenses to the action.") (citation omitted)).

To evaluate ease of access to sources of proof, the Court must consider "both the quantity and the quality of the evidence, which requires a consideration of how each piece of evidence relates to the legal claims and defenses at issue in the case." *St. Aubin*, 2017 WL 998298, at *3 (citing *Matthews v. Whitewater West Indus. LTD.*, No. 11–24424–CIV, 2012 WL 1605184, at *5 (S.D. Fla. 2012)). The Court must also "identify the evidence necessary to

adjudicate the claim or defenses to the claims." *Id.* at *4 (citing *Bell v. Kerzner Int'l Ltd.*, No. 10–23755–CIV, 2011 WL 12656691, at *2 (S.D. Fla. 2011) (internal citations omitted).

As previously discussed, Plaintiffs are suing Defendants based upon a claim for negligence stemming from a "slip and fall" on a stairwell at the Resort in The Bahamas. More to the point, Plaintiffs allege that "Defendants owed Plaintiff Laura Lambert the duty to provide a reasonably safe way of passage through the premises/property, in such a manner to reasonably avoid the foreseeable danger of patrons, such as the Plaintiff, from slipping or falling on defects and dangerous conditions on the steps in their resort." ECF No. 1, Compl. at ¶ 17. Plaintiffs then go on to allege that:

> Defendants breached their duty to the Plaintiff Laura Lambert in each of the following ways: a. failing to finish the foregoing stairway in such a way as it would not be slippery; b. using a cleaning product or waxing product that left the steps in the foregoing stairway slippery to the point that they were unsafe; c. failing to use protective mats or other devices to prevent guests from slipping and falling on the foregoing steps; d. by allowing a hidden and concealed dangerous condition to exist at their resort; e. failing to properly direct and supervise their employees to insure that appropriate measures were being taken and appropriate warnings were provided to prevent their guests from slipping and falling; and f. in such other ways as may be established from fact not exclusively in the possession of Defendants which may be ascertained after the filing of this Complaint . . . As a direct and proximate result of the negligence and carelessness of the Defendants Melia Hotels International, S.A. and/or The Sol Group, Corp, Plaintiff was caused to unexpectedly slip and fall on slippery steps in their resort hotel.

*Id.* at ¶¶ 18-19. Accordingly, at a minimum, both Plaintiffs and Defendants will need witnesses and evidence related to: the condition of the stairwell at the time of the alleged fall; the cleaning/waxing products used on the stairs; the time, date, and location of the cleaning/waxing of the stairs; the schedule for the stairwell's cleaning/waxing; the individuals responsible for cleaning/waxing the stairwell; any signage near or around the stairwell; any safety measures implemented related to the stairwell (handrails, floor mats, lighting, etc.); evidence demonstrating the potential cause or causes of the alleged slippery substance on the stairs; Plaintiff Laura Lambert's condition at the time of the alleged fall; any inspection reports related to the stairwell after Plaintiff Laura Lambert's alleged fall; any medical documents/reports created at the Resort after Plaintiff Laura Lambert's alleged fall; any video footage of the alleged fall; inspection, design, and/or architectural reports of the stairwell prior to the alleged fall; reports related to any repairs made to the stairwell; reports

concerning any hazards associated with the stairwell; witness statements; and an inspection of the stairwell itself. The vast majority of this evidence is located in The Bahamas because that is the location where the alleged "slip and fall" occurred.

The Court finds that the relative ease of access to documentary evidence weighs in favor of dismissal. This is so because Defendants' have put forth uncontroverted evidence that they do not now nor have they ever owned, operated, maintained, inspected, cleaned, designed, developed, and/or repaired any area of the Melia Nassau Beach Resort in Nassau, Bahamas where the alleged fall occurred. ECF No. 10-1 at ¶¶ 7-13; ECF No. 19-1 at ¶¶ 19-23. Thus, based upon the record before the Court, in defending themselves in this action, Defendants would have to prove a negative. And, in doing so, would necessarily have to rely upon documents that would not be in Defendants' custody and/or control. Accordingly, if the Court does not dismiss this case for forum *non conveinens*, then Defendants would be left in a position where they would have to defend this action in Miami, Florida by seeking to compel documents and other evidence through subpoenas and judicial orders from this Court directed to entities and individuals who are in The Bahamas and, thereby, outside the subpoena power of this Court.

This is not a situation like that presented in *St. Aubin*. There, the defendants created the documents and had possession of the documents in The Bahamas so it would have been as simple as the defendants transporting the documents to Miami, Florida in the event of a trial. *See St. Aubin*, 2017 WL 998298, at *4 ("Defendants do not, however, argue that such documents could not be brought to Florida in the event that trial was conducted here . . . Clearly they could.") (citations omitted). Here, the Defendants would have to *first* get the documents and secure the participation of individuals in The Bahamas and, given the unrebutted evidence before this Court, that would necessarily require and implicate legal process in The Bahamas as the witnesses and record holders are beyond the subpoena power of this Court. This would undoubtedly be both inconvenient and expensive. The inconvenience and expense of attempting to bring all relevant documentary evidence from The Bahamas to Florida weighs in favor of dismissal.

Moreover, given that Defendants have presented unrebutted evidence that they did not and do not own, control, or operate the Resort, they would presumably be seeking the documents and evidence needed for their defense in this case from the individuals and entities

that did and/or do own, control, or operate the Resort i.e. the true tortfeasors. It would be reasonable to presume that those entities would be less than cooperative in providing the documents and evidence to the Defendants in this action because by doing so they would likely create liability for themselves in a foreign jurisdiction (i.e. this Court). This further tips the balance in favor of dismissal. Indeed, the Eleventh Circuit has affirmed that the "inability to compel third-party witnesses or the production of documents from those witnesses, and the inability to implead potentially liable third-parties, is both unusually extreme and materially unjust." *Tazoe*, 631 F.3d at 1335.

### 2. Access to Willing Witnesses

The next factor, the "cost of obtaining attendance of willing[ ] witnesses," *Piper Aircraft*, 454 U.S. at 241 n.6, (1981), balances evenly for the Parties in this case. There is little to no evidence relevant to this case in Florida. Plaintiffs are alleged to be citizens of the Commonwealth of Pennsylvania residing in Aston, Pennsylvania. ECF No. 1, Compl. ¶ 2. According to Plaintiffs' Complaint, Defendant Melia Hotels International, S.A. is a corporation organized and existing under the laws of the Country of Spain with its principal place of business in Palma de Mallorca, Spain. *Id.* ¶ 3. And Defendant Sol Group is a corporation organized under the laws of the State of Delaware, with its principal place of business and/or headquarters located in Miami, Florida. *Id.* ¶ 4.

Defendants contend that in order to defend against the Plaintiffs' negligence/premises liability claims, they will need to compel the attendance of the employees of the Resort who have information on the liability issues presented. And, while Plaintiffs have not provided a witness list or identified who would serve as their witnesses at trial, Plaintiffs would presumably testify in support of their claims as they argued "the Southern District of Florida is the preferred forum for the U.S. parties and their counsel, who would not need to travel extensively." ECF No. 20 at 13.

The Court finds that the Parties and their willing witnesses will have relatively the same inconvenience of traveling to The Bahamas as they would in traveling to Miami. *See Goldstein v. Hard Rock Cafe Intern. (USA), Inc.*, 519 F. App'x 653, 655 (11th Cir. 2013) (affirming that because the plaintiffs' "witnesses reside in New Jersey and would have to travel either to Florida or the Dominican Republic for this suit, there would be little difference between travel costs and inconveniences regardless of which forum was chosen"); *cf. Wiwa v. Royal Dutch*

*Petroleum Co.*, 226 F.3d 88, 107 (2d Cir. 2000) ("For any nonparty witnesses, the inconvenience of a trial in New York is not significantly more pronounced than the inconvenience of a trial in England.").

### 3. The Ability to Obtain Witnesses Via Compulsory Processes

Defendants have put forth uncontroverted evidence demonstrating that they do not own, operate, or control the Resort where the alleged "slip and fall" occurred. More specifically, Defendant Sol Group put forth a Declaration from Eduardo Aguilar Hernandez, the Director and Authorized Representative of Defendant Sol Group, who attested as follows:

> [Defendant Sol Group] does not now, nor has it ever owned, operated, maintained, inspected, cleaned and/or repaired any area of the Melia Nassau Beach Resort (the "Resort"). [Defendant Sol Group] does not now, nor has it ever leased the Resort. [Defendant Sol Group] has never been involved in the franchising and/or licensing of the Resort operations. [Defendant Sol Group] does not control any of the employees of the Resort and cannot compel them to appear at any depositions which may be necessary for this case and cannot compel any of the employees of the Resort to travel to Miami in order to appear at any trial of this case. [Defendant Sol Group] is not now involved, nor has it ever been involved with the licensing and/or franchising of the Resort. [Defendant Sol Group] did not design, construct and/or develop any portion of the Resort or the Resort property. [Defendant Sol Group] does not now have, nor has it ever had the responsibility to maintain and/or repair the stairs and/or stairway which are referenced in the Plaintiffs' March 27, 2020 Complaint filed in the captioned matter. [Defendant Sol Group] does not now control, nor has it ever controlled the day to day operations of the Resort. [Defendant Sol Group] does not now have, nor has it ever had any subsidiaries. [Defendant Sol Group] has never hired any contractors to perform maintenance and/or repairs at the Resort, including the stairs and/or stairway which are referenced in the Plaintiff's March 27, 2020 Complaint.

ECF No. 10-1 at ¶¶ 7-13. As such, Defendant Sol Group argues that "The Bahamas is the country where all of the events relevant to this case occurred. The Bahamas is also the country where all of the critical witnesses and evidence relating to the Plaintiffs' theories of liability against [Defendant Sol Group] are located. If this case were to proceed in this forum, [Defendant Sol Group] would not be able to secure the testimony of critical witnesses and/or the production of relevant documents necessary to defend the Plaintiffs' allegations." ECF No. 10 at ¶ 3.

Similarly, Defendant Melia Hotels put forth the Declaration of Jose Maria Dalmau, its Global Business Vice President, who attested that:

> [Defendant Melia Hotels] does not now nor has it ever owned, operated, maintained, inspected, cleaned and/or repaired any area of the Melia Nassau Beach Resort in Nassau, Bahamas . . . [Defendant Melia Hotels] does not now nor has it ever leased the Resort. [Defendant Melia Hotels] did not design, construct and/or develop any portion of the Resort or the Resort property. [Defendant Melia Hotels] does not now nor has it ever employed any of the employees at the Resort. [Defendant Melia Hotels] does not now nor has it ever been involved in the day to day operations of the Resort.

ECF No. 19-1 at ¶¶ 19-23. Moreover, based upon Jose Maria Dalmau's Declaration, Defendant Melia Hotels argues that:

> The Bahamas is the country where all of the events relevant to this case occurred. The Bahamas is also the country where all of the critical witnesses and evidence relating to the Plaintiffs' theories of liability against [Defendant Melia Hotels] are located. If this case were to proceed in this forum, [Defendant Melia Hotels] would not be able to secure the testimony of critical witnesses and/or the production of relevant documents necessary to defend the Plaintiffs' allegations. It would be extremely prejudicial for this case to remain pending before this Honorable Court since the Plaintiffs are attempting to hold [Defendant Melia Hotels International, S.A.] liable for the condition of a property that it does not operate and/or maintain.

ECF No. 19 at ¶ 5.

In the face of this evidence, Plaintiffs did not proffer a single shred of evidence to rebut Defendants' evidence. Instead, Plaintiffs rely upon the unverified arguments of counsel that: a) The potential Bahamian witnesses of Plaintiffs' injury would be the Hotel's employees, to which Defendant Sol Group presumably has access, ECF No. 14 at 7; b) The availability of compulsory process may weigh against Plaintiffs' choice, but there are few if any witnesses who would be outside of the parties' control, *Id.* at 7; c) the website[2] for Melia Hotels International, S.A. lists Defendant The Sol Group Corp. as the corporate office for Melia

---

[2] While Plaintiffs refer to a purported website, they fail to provide any evidence, such as a screen shot or printouts, regarding the purported contents of said website. Nor do Plaintiffs provide any other documentary or testimonial evidence to support their claim as to what the Melia Hotels International S.A.'s website purportedly contains or even the Defendants' corporate connections and/or structures. Moreover, the unverified arguments from counsel regarding Defendant Sol Group's purported corporate office or connection to Defendant Melia Hotels International S.A. do not demonstrate that Defendant Sol Group has the legal capability to compel the Bahamian Resort's employees to attend and testify at judicial proceedings in Miami, Florida. This is especially true here where both Defendants have put forth unrebutted Declarations, made under penalty perjury, which assert that they do not employ or control the Bahamian Resort's employees.

Hotels International in Central and North America, *Id.* at 8 n.2; d) Mr. Dalmau's declaration is nothing more than a feeble attempt by Defendant to hide behind its single-purpose entities to avoid liability. Simply because Defendant uses its wholly-owned subsidiaries to employ, operate, and maintain its resorts does not mean that Defendant does not have access to critical witnesses and evidence, ECF No. 26 at 4; and e) This is a premises liability case; any relevant evidence or witnesses for its defense would arise from the Hotel's employees, and thus Defendant's agents. Securing evidence from an agent does not rise to the level of both "vexation" or "oppressiveness" necessary to override Plaintiffs' choice, ECF No. 20 at 14.

Unfortunately for Plaintiffs', the unverified arguments from counsel are not sufficient to controvert sworn Declarations. Therefore, because Defendants have put forth unrebutted sworn evidence that they would not be able to compel the attendance of the Resort's employees necessary to support their defenses and to rebut Plaintiffs' premises liability allegations, the Court finds that this factor weighs in favor of dismissal. Indeed, the inability to procure the testimony of such witnesses would create a significant and unfair burden on Defendants and weighs strongly in favor of dismissal. *See Beaman v. Maco Caribe, Inc.*, 790 F. Supp. 2d 1371, 1377-78 (S.D. Fla. 2011) (recognizing that dismissal was appropriate where a defendant's corporate representative attested that witnesses were not defendant's agents or employees such that they could not be compelled to testify, and plaintiffs failed to provide competent evidence to rebut the assertion).

### 4. The possibility of viewing the premises

The next factor—the ability of the jury to view the accident scene—also supports dismissal. Again, the "slip and fall" occurred in The Bahamas. Defendants argue, that "in order to ensure that the fact finder has a full appreciation for the factual circumstances presented by this case, a review of the area in issue would be necessary." ECF No. 10 at 10; ECF No. 19 at 15. This Court agrees.

As previously mentioned, this a negligence action founded on premises liability. As such, a critical component of this case is the nature and condition of the stairwell that purportedly caused Plaintiff Laura Lambert to slip and fall. Plaintiffs argue that "[j]uries are accustomed to viewing accident scenes through video and photographs." ECF No. 14 at 9. While a site visit may not necessarily be more helpful to the trier of fact than recourse to video and photographs of the stairwell, the Court is not willing to foreclose that possibility. *See*

*Beaman*, 790 F. Supp. 2d at 1378 ("Though photographs and diagrams might be sufficient, a viewing of the scene could be useful or necessary."). This factor, therefore, weighs in favor of dismissal; however, the Court does not accord it great weight.

### 5. All Other Practical Problems

The final private interest factor requires consideration of "all other practical problems that make the trial of a case easy, expeditious, and inexpensive." *Klyszcz*, 2012 WL 4468345, at *4. Neither Plaintiffs nor Defendants raised specific arguments related to this factor; as a consequence, the Court cannot and does not accord it weight in either direction.

When balancing the private interest factors, the Court must account for the "'strong presumption against disturbing . . . [a plaintiff's] initial forum choice.'" *La Seguridad*, 707 F.2d at 1307 (citation omitted); *see SME Racks*, 382 F.3d at 1102 (presumption in favor of a plaintiff's choice of forum "is to be applied specifically when weighing the private interests.") (citation omitted). The Court is very cognizant of this point and does not take it lightly.

"A defendant invoking forum non conveniens 'bears a heavy burden in opposing the plaintiff's chosen forum.'" *Wilson*, 590 F.3d at 1269 (quoting *Sinochem*, 549 U.S. at 430). Indeed, as previously discussed, the Eleventh Circuit mandates that district courts "require positive evidence of unusually extreme circumstances, and should be thoroughly convinced that material injustice is manifest before exercising any such discretion as may exist to deny a United States citizen access to the courts of this country.'" *SME Racks, Inc.*, 382 F.3d at 1101 (quotation omitted); *see Norwood v. Kirkpatrick*, 349 U.S. 29, 42 n.3 (1955) (describing the "near-conclusiveness" that a plaintiff's decision to bring a lawsuit in his home forum has in the forum non conveniens analysis).

### 6. Defendants Have Provided Evidence of Unusually Extreme Circumstances

Here, the Court finds that Defendants have provided positive evidence of unusually extreme circumstances that warrant dismissal of this action. More specifically, as previously discussed, Defendants have provided unrebutted evidence demonstrating that they do not own, operate, or control the Resort where the alleged "slip and fall" occurred. Defendants have also provided unrebutted evidence that that they would not be able to compel the attendance of witnesses necessary to support their defenses and to rebut Plaintiffs' premises liability allegations in this forum. Indeed, Plaintiffs recognize as much when they argued "[t]he availability of compulsory process may weigh against Plaintiffs' choice but there are

few if any witnesses who would be outside of the Parties' control." ECF No. 14, at 4 and ECF No. 20, at 11. While Plaintiff argued that only a few witnesses would be outside of the Parties' control, Plaintiffs did not provide any evidence to support this conclusory and generic statement. Plaintiffs, moreover, did not provide any evidence to rebut Defendants' sworn attestations that they do not control and cannot compel the participation of the individuals working at the Resort where Plaintiffs allege that the slip and fall occurred.

Based upon the record before the Court, in defending themselves in this action, Defendants would have to rely upon documents and witnesses that would not be in Defendants' custody and/or control. Consequently, if the Court does not dismiss this case for forum *non conveinens*, then Defendants would be left in a position where they would have to defend this action in Miami, Florida by seeking to compel documents from Bahamian entities and the participation of witnesses in The Bahamas that are beyond the subpoena power of this Court. This would be unusually extreme and materially unjust. *See Tazoe*, 631 F.3d at 1335 ("inability to compel third-party witnesses or the production of documents from those witnesses, and the inability to implead potentially liable third-parties, is both unusually extreme and materially unjust."). Moreover, as previously discussed, "[a] federal court has discretion to dismiss a case on the ground of forum non conveniens 'when an alternative forum has jurisdiction to hear [the] case, and . . . trial in the chosen forum would establish ... oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience, or . . . the chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems.'" *Sinochem Intern. Co. Ltd.*, 549 U.S. at 429 (quoting *American Dredging Co. v. Miller*, 510 U.S. 443, 447–448 (1994) (quoting *Piper Aircraft*, 454 U.S. at 241)); *see also Otto Candies, LLC*, 963 F.3d at 1339. The Court, therefore, finds that the private interest factors weigh heavily in favor of dismissal.

### III.   Public Interest Factors Weigh In Favor of Dismissal

Although the Court has found that the private interest factors weigh heavily in favor of dismissal, the Court must still consider the relevant public interest factors. *See Fresh Results,* 921 F.3d at 1050–51 ("After *La Seguridad*, we clarified that the public factors do not 'enter the equation only when the private interest factors are at or near equipoise.' Although 'the private factors are generally considered more important than the public factors,' we explained that the public factors are not superfluous, even when the private factors are far from equipoise.

And we opined that 'the better rule is to consider both factors in all cases,' which 'has been our approach in recent cases.'") (quoting *Leon*, 251 F.3d at 1311 and citing *SME Racks, Inc.*, 382 F.3d at 1100 n.5).

The public interest factors include: "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflicts of law, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Turner v. Costa Crociere S.P.A.*, 1:20-CV-21481-KMM, 2020 WL 5868148, at *9 (S.D. Fla. Sept. 10, 2020) (citing *Piper Aircraft,* 454 U.S. at 241 n. 6).

### 1. Administrative Difficulties Flowing from Court Congestion

First, the Court considers whether administrative difficulties flowing from court congestion weigh in favor of dismissal. "'[T]he Southern District of Florida has one of the busiest dockets in the country,' weighing in favor of dismissal, 'this factor generally does not warrant significant consideration in the forum *non conveniens* analysis, and [accordingly] the Court does not accord it much weight.'" *Grape Stars Int'l, Inc. v. nVentive, Inc.*, 20-20634-CIV, 2020 WL 4586123, at *12 (S.D. Fla. Aug. 10, 2020) (quoting *Gordon v. Sandals Resorts Int'l, Ltd.*, 418 F. Supp. 3d 1132, 1142 (S.D. Fla. 2019) (alterations added)).

### 2. Local Interest In Having Localized Controversies Decided At Home

Second, the Court finds that the local interest in adjudicating this controversy weighs in favor of dismissal. The Court first acknowledges the general proposition that a strong interest exists in allowing United States citizens to bring suit in a United States court. *See SME Racks*, 382 F.3d at 1104. As discussed above, however, the events that are the subject of this suit occurred at an all-inclusive resort in The Bahamas. Accordingly, The Bahamas has a strong interest in regulating and determining the standard of care of its resorts. By contrast, Florida's interest is minimal, due to its attenuated connection with the circumstances of this case. Indeed, the only apparent connection to Florida is a single Defendant's principal place of business in this state. *See generally* ECF 1, Compl. Thus, despite the Court's recognition of a strong interest in allowing American plaintiffs to bring suit in a United States court, the Court nonetheless finds that, given the circumstances of this action, the local interest in the controversy tilts in favor of adjudication in The Bahamas.

### 3. Interest In Having The Trial Of A Diversity Case In A Forum That Is At Home With The Law That Must Govern The Action

The third factor is the public interest "in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself." *Gulf Oil*, 330 U.S. at 509. If the choice of law analysis reveals that the U.S. court will need to apply foreign law, this factor weighs in favor dismissal. *Piper Aircraft*, 454 U.S. at 259.

A federal district court sitting in diversity must apply the choice of law rules of the forum state. *Jeffers v. Kerzner Int'l Hotels Ltd.*, 319 F. Supp. 3d 1267, 1270 (S.D. Fla. 2018) (citing *Trumpet Vine Investments, N.V. v. Union Capital Partners I, Inc.*, 92 F.3d 1110, 1115 (11th Cir. 1996)). To begin this analysis, the Court must first determine whether the issue sounds in tort, contracts, property law, etc. *Id.* (citing *Grupo Televisa, S.A. v. Telemundo Communs. Grp., Inc.*, 485 F.3d 1233, 1240 (11th Cir. 2007)). "In the context of tort actions, Florida resolves conflict-of-laws questions according to the 'most significant relationship' test." *Id.* The test involves consideration of four relevant factors: (1) the place where the injury occurred; (2) the place where the conduct causing the injury occurred; (3) the domicile, residence, nationality, place of incorporation and place of business of the parties; and (4) the place where the relationship, if any, between the parties is centered. *Id.* (citing *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 694 (11th Cir. 2016)).

Generally, in tort cases, the location where the injury occurred is the decisive consideration in determining the applicable choice of law. *Id.* at 1271 (citing *Bishop v. Fla. Specialty Paint Co.*, 389 So.2d 999, 1001 (Fla. 1980). "[T]he place of injury is of particular importance in the case of personal injuries and of injuries to tangible things." *Id.* at 1271 (citing Restatement (Second) of Conflict of Laws § 145, Comment F); *see also Goodnight v. Boston Sci. Corp.*, 18-62370-CIV, 2020 WL 6873737, at *5 (S.D. Fla. Nov. 23, 2020) (recognizing that "the place of injury—is generally the most important" in a choice of law determination involving a tort). Here, Plaintiffs allege that Plaintiff Laura Lambert slipped and fell The Bahamas and presents a cause of action for negligence. *See* ECF No. 1, Compl. ¶¶ 12-13. As such, this factor weighs in favor of applying the law of The Bahamas.

The second factor, the place where the conduct causing the injury occurred, also favors The Bahamas. To be clear, Plaintiffs allege that Defendants failed to properly maintain their

the Resort in The Bahamas, which resulted in Plaintiff Laura Lambert falling down the steps at the resort in The Bahamas and sustaining injuries. Therefore, the place where the conduct causing the injury occurred is The Bahamas.

With respect to the third factor, the Court finds that Florida only has a slight relationship to the Parties and the conduct alleged in this case. Neither of the Defendants are alleged to be incorporated in Florida. Instead, Plaintiffs allege that Defendant Melia Hotels International S.A. is "organized and existing under the laws of the Country of Spain, with its principal place of business and/or headquarters in Palma de Mallorca, Spain", and Defendant Sol Group is a corporation organized under the laws of the State of Delaware". ECF No. 1, Compl. ¶¶ 3-4. Plaintiffs do, however, allege that Defendant Sol Group has its "principal place of business and/or headquarters" in Miami, Florida. *Id.* ¶ 4. Additionally, Plaintiffs allege that Defendant Melia Hotels "regularly transacted and/or conducted business within the State of Florida including doing business with [its] American subsidiary, Melia Hotels USA, LLC, whose corporate address is 800 Reickall [sic.] Avenue, Miami, Florida and the Melia Orlando Celebration Resort in Celebration, Florida." *Id.* ¶ 7. This point was not contradicted in Jose Maria Dalmau's Declaration. *See* ECF No. 19-1. The Court, therefore, finds that the third factor – the domicile, residence, nationality, place of incorporation and place of business of the parties – weighs slightly in favor of Florida law applying to this action.

The fourth and final factor favors application of Bahamian law. Plaintiffs argue that the relationship between the Parties is centered in Florida by virtue of the fact that Defendant Sol Group is headquartered in Miami Florida and Defendant Melia Hotels International S.A.'s subsidiary is purportedly headquartered in Miami, Florida. This is unpersuasive. The fact of the matter is that Plaintiffs' relationship to the Defendants stems from Plaintiff Laura Lambert's slip and fall which allegedly occurred at the Melia Nassau Beach all-inclusive resort in Nassau, Bahamas. ECF No. 1, Compl. ¶ 12. Accordingly, Florida is *not* the place where Parties' relationship is centered. And it is disingenuous to suggest otherwise.

After considering whether Florida or The Bahamas has the most significant relationship to the Parties and the conduct alleged in this case, the Court finds that the scales balance in favor of The Bahamas; therefore, Plaintiff's claim for negligence is governed by the law of The Bahamas. Though federal courts routinely apply foreign law, this factor, too weighs in favor of dismissal, as the Court would likely have to rely on expert testimony and

evidence concerning the substance of Bahamian law, thereby adding to the expense and administrative burden of adjudicating this dispute in this forum. *See SME Racks*, 382 F.3d at 1104–05; *Miyoung Son*, 2008 WL 4186979, at *11.

The Court also finds that the trial of this cause in this forum would unfairly burden jurors in the Southern District of Florida. As noted above, this dispute's connection with this forum is attenuated. A South Florida jury, thus, would have little interest in this litigation, which concerns residents of Pennsylvania involved in an accident in The Bahamas.

Accordingly, the Court finds that the public interest factors also weigh in favor of dismissal of this cause.

### IV. Plaintiffs Can Restate Their Suit in The Bahamas Without Undue Inconvenience or Prejudice

As previously mentioned, in its forum *non conveniens* analysis, the Court must also consider whether Plaintiffs can reinstate their suit in the alternate forum without undue prejudice or inconvenience. *Wilson*, 590 F.3d at 1269.

Here, as previously discussed, both Defendants have stipulated that as a condition of dismissal they would: a) appear in any such Bahamian Court of law; b) receive service of process from a Bahamian court by personal service and/or registered mail; c) waive any and all defenses pertaining to any applicable statutes of limitation, jurisdiction, and venue that they may have in a Bahamian court; d) make relevant witnesses and documents in their control available to a Bahamian Court; and e) respect any final judgment entered against them by a Bahamian Court. ECF Nos. 10-1 at ¶ 15 and 19-1 at ¶ 25. Accordingly, the Court finds that Plaintiffs can reinstate their suit in The Bahamas without undue prejudice or inconvenience. *See Fontaine*, 2016 WL 880527, at *9 (S.D. Fla. Mar. 8, 2016).

### CONCLUSION

For the reasons discussed above, it is **ORDERED and ADJUDGED** as follows:

1. Defendant The Sol Group Corporation's Motion to Dismiss Pursuant to the Forum *Non Conveniens* Doctrine (ECF No. 10) and Defendant Melia Hotels International S.A.'s Motion to Dismiss for Lack of Personal Jurisdiction and Forum *Non Conveniens* (ECF No. 19) are both **GRANTED**.

2. This Case is **DISMISSED** for forum *non conveniens*.

3. The Clerk is directed to **CLOSE** this case.

4. All pending motions are **DENIED AS MOOT**.
5. The hearing scheduled for March 16, 2021 is **CANCELED**.

**DONE and ORDERED** in Chambers at Miami, Florida this 15th day of March 2021.

_____
MARCIA G. COOKE
United States District Judge

*Copies furnished to:*
*Jonathan Goodman, U.S. Magistrate Judge*
*All Counsel of Record*